I note you've been appointed under the Criminal Justice Act, and the Court appreciates your help. Thank you. I appreciate hearing that. May it please the Court, Counsel. My name is Pauli Andrews. I'm representing Mr. Soto in this matter. And our argument today is quite simply that the trial court committed plain error by not instructing the jury that it could not convict Mr. Soto for both receipt and possession of child pornography based on the same facts and images. As this Court has noted in, I hope I don't mangle the pronunciation, Mullenbruch case, possession of child pornography is considered a lesser-included offense for receipt of child pornography. And while there is no problem with convicting a defendant on both receipt and possession, this Court has made it clear that if the receipt and possession relate to the same images or videos, whichever, in that case what we have is a double jeopardy violation. And that is what our contention has happened here. We are arguing under the plain error standard, since this was not raised at the proceeding below. But what the case here is, what we have is count 13 was receipt of child pornography, and it was based on images and videos that were contained in the so-called Jessica Smith drop box, per the indictment. What's your response? The government argues, in addition to the merits of the question, the error would be harmless because it's only, the only harm was the absence of a clarifying instruction. Well, the absence of the clarifying instruction is, in fact, the harm as determined by this Court, particularly when you look at the evidence as it went in. You just said we've already answered my question, so you've got to give me a cite for that. Well, in Ballenbrau, the Court said that if there is no clarifying instruction that you can't convict for both possession and receipt using the same images. What's the impact on sentence of this issue? The impact on sentencing? Yes. Well, I think we have two issues here. One is — No, no. First answer the question, then. Okay. I thought it was none. Well, there's still, as noted, and I said in one of my footnotes there, even by convicting of one extra count, that should not have been — $100, okay, but — Right. But that still impacts the defendant's substantial rights. And it still, as a due process violation, does go to the cornerstone of what we consider our system of justice, that you can't be tried or convicted twice for the same offense. I think the harm — I think the distinction with what the government is saying is they want to focus on where these images were found. But based on the trial record, it is replete with government witnesses, the investigator, the lead investigator, I believe Mr. Freoff, the forensic examiner, repeatedly saying these images were found in the Dropbox and in the Gmail account and in Mr. Soto's phone. I think there was a specific example, and this was referenced in the government's closing argument, referring to Exhibit 16B, which was an image of a young girl known — they called it a pirate flag based on the fact that in the background of the picture there was a pirate flag. And in the closing, and this would be — I believe it was part of our addendum, and it would have been in the Document 236 or 239, she says, In fact, if you look at the overall transcript of the proceeding, one of the government's major points in terms of trying to identify Mr. Soto as the perpetrator is, look, these images are in the Dropbox account, which goes to his phone, which goes to his computer, which goes to his Gmail account. I'm back. Huther says there was plain error and all four prongs of Olano were satisfied because the two counts were sentenced consecutively. That's not true here. So Huther is not controlling authority or even persuasive authority with respect to plain error review. I would agree with that, Your Honor. You're saying that the fourth prong of Olano is satisfied by the $100 penalty? It's not true. I don't think you have a case for that. I'm pretty sure you don't. I wouldn't be here if it was just for that, Your Honor. But I think what this Court has said in the past is that if you're convicted on receipt and possession and it's the same images or there is no jury questionnaire instruction. I must say, and I haven't read the trial transcript, so I'm speaking from ignorance, but as the facts has described, if there had been the clarifying instruction, there was plenty of evidence for the jury to convict of both. It would be, Your Honor, if we could determine either through a jury questionnaire or with the instruction that the jury was not convicting on the same images. That's hindsight. I'm talking about if the instruction had been given to the jury and the collective evidence had been submitted, it was not very hard to find different images and different devices. Understood, Your Honor. Okay. And if the instruction was given, we wouldn't be here. But the fact of the matter is it wasn't here, and now we have to deal with this issue that the jury could very well have convicted. So what's the remedy? A new trial? The cases I have said so far and said in support indicate the remedy would be to remand down to the district court to either dismiss the two receipt counts or the possession count. And that appears, from what I've read from this Court's jurisprudence, would be left up to the district court. I don't think it necessarily requires a new trial. So it's $100? I'm sorry? The remedy, then, is the $100 penalty. One less $100 penalty. There is one less $100 penalty, I understand, Your Honor. But there's no impact on sentence. Just like the, you know, if we change the count 15 sentence to 10 years, doesn't require resentencing, doesn't require a new trial. I understand it does not require a new trial. As to whether it requires a new sentencing, I think one of the reasons they remand to the district court is that maybe in light of dismissing one or two counts, the district court may view sentencing differently. But I did cite in my brief that, you know, even if the sentences are concurrent, it doesn't change the analysis that the process was flawed by allowing a due process violation because there was a conviction on receipt and possession that could well have taken place regarding the same images. You know, there is, in fact, there are overlapping images. There also are separate images on the different media. The government's argument, maybe not as plainly as they could have, but does, in fact, draw the attention of the jury to the separate images. And so the jury had an argument. Now, we understand the argument of counsel is not the law. It's not the facts. But it is pointing people in the right direction. And we do have a case from 2011, and I can't remember what the heck the name of it. It started with an H. And, you know, but there's a case out there that says that if the government makes plain that there are separate images and it's clear that the jury would have convicted on the separate images, that that's not a reversible error, particularly in a clear error review or plain error review. So why is that not the case here? I think, again, Your Honor, with respect, you have to look at the totality of the record. In the closing argument, what the government did was argue that, okay, with respect to count 15, which was the possession account, you know, we're looking at these images, A, B, C, D, whichever. However, that's going after four days of evidence being introduced that this, these images are located across the various devices and across the various accounts. The government did not in fact say, hey, these are the only issues you can consider. These are the only images. They just said, hey, we're offering these. But even in the middle of the government's closing, it references Exhibit, I think, what I cited to before, 16B, that said, yeah, it's located in the phone, which would have been the device for the possession, and it's located in the Dropbox account. So if the trial was done differently and, you know, maybe it was, you know, more compartmentalized or segregated, that may be a different story. But the fact of the matter is demonstrating that the images ran across the various devices and the accounts was actually essential to the government's case to prove that it was Mr. Soto who was in fact the person communicating with these young people and collecting the images and whatever. So I think a small part of a closing argument, which is even then contradicted by the chart they offered, which shows the same images going to one account, to the other account, to the phone, to the computer and all that, I think under the circumstance it simply overwhelmed the idea that, hey, we only want you to look at these. These are the only ones we're arguing. It wasn't charged that way in the indictment. It wasn't charged that way in the jury instructions. So I think that we are left with the situation where, oh, yeah, it's got, you know, WS. It's on the phone. It's, oh, yeah, well, that must satisfy the possession and receipt. So I think that's the situation we find ourselves in here. If there are any other questions at this point, I'll just reserve my 3 minutes and 37 seconds. Thank you. Thank you. Mr. Kelderman again. Good morning again, Your Honors. May it please? Double duty. That's right, Your Honor. It's a fun day. May it please the Court and Counsel, I'm Eric Kelderman on behalf of the United States in this case. Counsel just stated something just a moment ago before he sat down, and I guess I want to take issue with this. He stated that it wasn't charged that way, and I submit to the Court that it actually was charged. I think he was talking about differences in the counts. The counts in the indictment or in the fourth superseding indictment, I believe it was document 152 in the docket, count 13 charged images received in the Dropbox account. And these terms, Dropbox account, Google Drive account, those things were explained at trial, but it's basically a cloud thing where things can be uploaded into the cloud. Count 13 talked about just those images, and they were described very specifically. The Dropbox account contained 24 images and 85 videos, and they were described in closing argument. The prosecutor went into meticulous detail to separate them to say, this is what we're talking about here. We're talking about exhibits, and the instructions also contained the information, basically repeating the words from the indictment. I believe that the instructions also talked about the specific things from the Dropbox account. The individuals were referred to for that count only were referred to as individuals named Jane Doe, Pirate Flag, Teal Phone. They sometimes used descriptors from the background of these images so that they go into a national database. And they're identified that way. Count 14 was the Shane 118 Google Drive account. It's just the way that it was set up. But it was another cloud account, and it was specific. And that one was about the receipt of the images of the named victims from the other accounts, AC, NW, AR, WS, KA, and AT, and then the individual called Star Pants. And again, the prosecutor specifically pointed the jury to that. The jury was instructed that way. The dates were even just a little bit different. The date on that started when he opened up that account, February 14, 2014. Back to count 13, that one started on approximately May 16 of 2016. So it was different dates. I know that there was a lot of overlap on the dates. But here, count 15, I'll just finish with that thought first. The count 15 possession charge referred to images, depictions that were on his devices that were seized. Specifically talking about that and specific exhibits were referred to, images that were on his EasyShare camera, his Kodak camera, his two different cell phones, and his home computer that he had access to. This is distinguishable from Mullenbrook and from Huether. And I don't know, Judge Erickson, if the H case from 2011 was Huether. That was a 2012 case. But it's been discussed here, and the difference there, well, the standard of review is what's very important here. Because in Huether, the prosecutor talked about the possessed images and the received images all at the same breath, talking about them all together, just calling them different counts. Here, they were distinguished from the very time that they were charged all the way through the trial. So the plain error standard of review differentiates this case from those, Mullenbrook and particularly Huether. And then, Judge Loken, as you said, there was also a penalty issue in Huether that distinguished that case as well. Do you have any authority that this should not be plain error review, it should be waiver? I debated on that when I wrote the brief, Your Honor. If this had been raised, if this had been timely raised, it's perfectly obvious that Judge Schreier would have figured out how to do it. I believe there's no doubt about that. No doubt. It certainly would have been. Citing Mullenbrook, citing Huether. My colleagues are stuck on plain error review of everything, so I'd... Your Honor, it wasn't... You could cite one or two of my cases, but not on this particular issue. It wasn't affirmatively waived. And so that's why I stayed away from that argument. I certainly believe that the plain error standard can't be met here. I believe that all three United States submits, that all three of the counts were properly charged, distinguished, and proven. Proven, again, it was only a four-day trial. It wasn't that this trial went on for three weeks or anything like that and the jury had that hard a time remembering the evidence from this place or that. They were shown, and it was done in a very careful and meticulous manner at trial, how the images were shown, how they were taken off the screen very promptly. And so the prosecutor did a very good job in closing of saying, this is what we're talking about for this one, and this for this count, and this for this count. And that's what distinguishes this case from those others that were in the past. There is a $100 special assessment. That's the only difference here. Judge Logan, I believe you were referring back to the prejudice. I believe that would be the only prejudice. I don't believe that two counts would be dismissed because the possession count is a lesser included account. The possession count is a lesser included account than the receipt counts. So I believe that count 15, if anything is going to be reversed or dismissed, it would be count 15. That was the lowest penalty, or it turns out, and I'll get to this in just a moment, it should have been the lowest penalty of any of the crimes. All of the sentences were set, ordered to run concurrent. Judge Schreier made them all concurrent to one another. And so I believe that if it were a reversal on that, it would only be basically a count 15, and the only penalty that remains is the $100 special assessment. As far as the penalty on that count, the United States doesn't disagree, but it never attempted to charge this as a 20-year maximum offense for count 15. There were no prepubescent minors that were charged in the indictment. It was under Apprendi. That would have had to have been proved beyond a reasonable doubt. The government thinks we should, can we, we can just direct to amending that sentence? Correct, Your Honor. Your Honor, I believe that under Remand is needed. Correct. Because under Garbisch, 33 F. 4th, 459, it was just from earlier this year, the court said, we do not remand for resentencing on that count because the sentences for those counts ran concurrently with the sentences for the first 60 counts. Here they ran concurrently. Count 15 ran concurrently with the others. So regardless of whether it was a 10-year max or a 20-year max and the sentence imposed, it doesn't need to be remanded, at least under Garbisch. And that assumes, of course, that the court does not find that there was a double jeopardy violation on count 15, of course. The United States submits that all of the evidence in this case was more than the pro se brief that the court allowed. The evidence was more than sufficient on all the counts. And as far as the double jeopardy issue, I believe this case is distinguishable from Heather and Mullenbrook. The United States asks that the court affirm. If the penalty needs to be changed, I believe it can be done in this Court's order or its opinion on this case. The United States cedes its time. Thank you. Thank you. A rebuttal? Yes, Your Honor. Thank you. Do you agree that with counsel under Garbas, we can simply correct? I believe that's what it says, Your Honor. I think that is a matter that is. Do you urge that we do anything other than that? Correct the sentence on count 15. If that is the only thing that I've said that the court agrees with, I think the court could simply go ahead and just correct the sentence on its own, if that clarifies it. But I would like to clarify. In that case, you wouldn't want count 15 to be the one that we direct to be dismissed under your double jeopardy argument. But I'm not sure it would matter any differently. I can't honestly say, Your Honor, in the sense that let's just say for the sake of argument the district court decided in its discretion, I'm going to dismiss 13 and 14. That could change the guideline calculations in terms of where grouping gets involved and whatever. And I think part of the reason count 15 sentence-wise got kind of messed up was because they were grouped together and there wasn't that breakout distinction of the prepubescent minor, which we all can see was not charged, was not argued, not whatever. I think that's just kind of how it snuck it under the radar, if you will. I would like to clarify. I was not trying to say when I was referring to the indictment in terms of how it was charged. I understand the indictment was focused on stuff found in the Dropbox, stuff found in the Gmail account, stuff found on the phone. What I was trying to say is, but it was not tying specific images to that. So, again, while the government had charged it and made argument that, all right, here's what we found here, here's what we found here, here's what we found here, the simple fact of the matter is, through their own witnesses, the same images were also found in three, four, five different places. And I understand perfectly well why that would be argued by the government, because you're trying to establish that Mr. Soto is the person who was on the other end of the computer with these children. What's one way you do it? Well, geez, it's the phone in his pocket. Look at that. And that ties into the Dropbox account. So I mean no criticism as to how the government tried the case. It's simply the fact that, given the way that is, you have to have that clarifying instruction, because otherwise you're going to run into the double jeopardy violation. I would note, and I think I might have found the H case, it's United States Harvey, 829F3-591. Following determination, defendant's conviction for receipt and possession were based on the same images. They violated the double jeopardy clause. Eighth Circuit remanded to the district court with instructions to vacate one of them and resentence the defendant. And I would note that in the Mullenbar case, the Court specifically addressed the question of the $100 special assessment for each offensive conviction. But with a double jeopardy violation in place, it still subjects the defendant to multiple punishments for the same crime. Even if it's only $100, a double jeopardy violation is a constitutional violation. It goes right to the heart of our system. It can't allow it to stand. Just can't just say, oh, it's $100. The point is, it's a double jeopardy violation. It needs to be addressed. The point is the fourth prong of Olano. Does this, when an error that, well, a clarifying objection. If it was an error, it was pretty technical. And it doesn't, you know. I understand, Your Honor. I'm just going off what this Court has said in the past in terms of it being a double jeopardy violation. I don't think there's. I doubt that there's ever been a. I doubt it. There's so many error cases. But the $100 penalty satisfying the fourth prong of Olano, I think you'd probably have to look pretty hard to find that. Not the substantially affect rights, the third prong. The one about the overall integrity of the system. Well, again, I would just direct the Court to the cases in my brief. And maybe I found the right one. Maybe I didn't. But I appreciate the consideration. And thank you all for the time and courtesy. Well, again, thank you.